ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| MUNICIPIO AUTÓNOMO DE SAN JUAN RECURRENTE V. PABLO E. ROBLES FLORES RECURRIDO | TA2026RA00031 | *Revisión de Decisión Administrativa* procedente de la Oficina de Gerencia de Permisos Querella Núm. 2025-652180-SDR-303244 Sobre: Permiso de Construcción |
|---|---|---|

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de marzo de 2026.

Comparece ante nos, el Municipio Autónomo de San Juan (en adelante, "el Municipio de San Juan"). Solicita nuestra intervención para que dejemos sin efecto la *"Resolución de Revisión Administrativa"* emitida y notificada el 11 de diciembre de 2025, por la División de Revisiones Administrativas de la Oficina de Gerencia de Permisos (en lo sucesivo, "División de Revisiones de la OGPe"). Mediante esta, desestimó por academicidad la *"Solicitud de Revisión Administrativa y de Revocación de Permiso emitido por Profesional Autorizado,"* presentada por la Oficina de Permisos del Municipio de San Juan. El referido permiso había sido concedido por el ingeniero Pablo Robles Flores, ("ingeniero Robles Flores").

Por las razones que expondremos a continuación, *confirmamos* la determinación recurrida al amparo de fundamentos distintos a los contenidos en la *"Resolución de Revisión Administrativa."* En consecuencia, queda inalterada la decisión de desestimación, emitida por la agencia administrativa, con la modificación de que el fundamento

jurídicamente procedente es la falta de jurisdicción sobre la materia de la OGPe para resolver en sus méritos la solicitud de revisión presentada ante sí.

**I.**

El 12 de septiembre de 2025, la Oficina de Permisos del Municipio de San Juan presentó ante la División de Revisiones de la OGPe una *"Solicitud de Revisión Administrativa y de Revocación de Permiso emitido por Profesional Autorizado."* Esta solicitud tiene su génesis en los actos de construcción ejecutados en las inmediaciones de un inmueble sito en el Municipio de San Juan. Según relató el referido Municipio, el 13 de junio de 2025, una vecina del área en construcción instó una querella mediante la cual alegó que sus vecinos estaban realizando obras de construcción sin permiso y sin respetar la colindancia.

Además, el Municipio alegó, que el 4 de septiembre de 2025, el ingeniero Robles Flores, como Profesional Autorizado, expidió un permiso de construcción para estas obras. Sin embargo, a la luz de una inspección realizada por la Oficina de Permisos del Municipio de San Juan, la entidad Municipal concluyó que las referidas obras no cumplieron con los parámetros de construcción aplicables. Por consiguiente, el Municipio razonó que el aludido Ingeniero no debió aprobar el permiso expedido. Ante estos hechos, el Municipio de San Juan peticionó, entre otras cosas, que se revoque el permiso en cuestión; la demolición de las obras de construcción; que se refiera al Ingeniero y al Proyectista a las entidades de evaluación ética correspondientes; y la imposición de multas y sanciones.

Así las cosas, el 3 de noviembre de 2025, el ingeniero Robles Flores presentó *"Solicitud de Archivo de Revisión Administrativa."* Mediante esta, aseveró que la División de Revisiones de la OGPe carece de jurisdicción para evaluar en sus méritos la solicitud presentada ante su consideracion. Al respecto, expuso que el 21 de octubre de 2025, el Tribunal de Primera Instancia ("TPI") determinó revocar el permiso de

construcción en controversia mediante el caso SJ2025CV08944. Ante ello, sostuvo que la presente revisión administrativa resulta académica.

En atención de los escritos presentados, el 11 de diciembre de 2025, la División de Revisiones de la OGPe notificó la *"Resolución de Revisión Administrativa"* que hoy nos ocupa. Mediante esta, desestimó por academicidad la solicitud de revisión presentada ante sí. Razonó, que dicha solicitud se tornó académica debido a que el TPI revocó el permiso de construcción en disputa.

La aludida Agencia Administrativa esbozó las siguientes determinaciones de hechos:

1. El 2 de septiembre de 2025, Elizabeth Rodríguez Abreu por conducto del Ing. Héctor Velázquez presentó ante el Ing. Pablo E. Robles Flores, Profesional Autorizado 00024-PRO-00024, una solicitud de Permiso de Construcción Consolidado para ampliación de residencia (legalización de construcción de cuarto, baño y closet).

2. La propiedad con número de catastro 063-079-341-02, ubica en un distrito de calificación R1 "Residencial de Baja Densidad" según la Tabla de Equivalencias para los Distritos de Calificación para el Municipio de San Juan.

3. Surge que, como parte de la solicitud de Permiso de Construcción Consolidado, a la cual se le asignó el número 2025-649965-PCOC-318938, se incluyó un Memorial Explicativo en el cual se indicó lo siguiente:

"Bakno

Memorial Explicativo

**DUEÑO:** Elizabeth Rodriguez

**DIRECCION:** Bloque K E-2 Urb.
                        Ext. Country Club
                        San Juan PR

**CATASTRO NO.:** 063-079-341-02

**CALIFICACION:** R-3

**FECHA:** 29 DE AGOSTO DE 2025

**DECRIPCION DE LA PETICION:** Ampliación Residencia

Se propone la solicitud de un Permiso de Construcción para una ampliación a la residencia en la dirección de epígrafe. Esta propuesta cumple con toda la Reglamentación vigente del Reglamento Conjunto".

4. Surge del expediente administrativo, que además del Memorial Explicativo presentado aclarando asuntos de la solicitud de Permiso de Construcción Consolidado, se incluyeron varios documentos.

5. El 4 de septiembre de 2025, el Profesional Autorizado Pablo E. Robles Flores emitió el Permiso de Construcción Consolidado bajo la solicitud con número de caso 2025-649965-PCOC-318938.

6. En oposición con esta determinación, la Oficina de Permisos Urbanísticos del Municipio de San Juan presentó el 12 de septiembre de 2025 un recurso de Revisión ante la División de Revisiones Administrativas de la Oficina de Gerencia de Permisos del Departamento de Desarrollo y Comercio.

7. Evaluado el expediente de la solicitud 2025-649965-PCOC-318938, vemos que el 30 de octubre de 2025 se anejó al mismo Sentencia por Transacción para el caso SJ2025CV08944, emitida el 21 de octubre de 2025, por el Hon. Anthony Cuevas Ramos, Juez Superior del Tribunal de Primera Instancia, Sala de San Juan, mediante la cual:

    1. El permiso, objeto del presente pleito queda revocado.

    2. [...]

    3. Queda paralizada, en este momento, cualquier construcción, así         como el uso o posible uso de la propiedad como alquiler a corto     plazo.

    4. [...]

8. Del expediente digital de la revisión administrativa surge una "SOLICITUD DE ARCHIVO DE REVISIÓN ADMINISTRATIVA" sometida por la Recurrente en la que indica lo siguiente:

2. Que el pasado 21 de octubre de 2025, el Tribunal de Primera Instancia, Sala de San Juan, dictó Sentencia por Transacción en el caso Municipio Autónomo de San Juan vs. Elizabeth Rodríguez y otros (SJ2025CV08944), mediante la cual se revocó el Permiso de Construcción 2025-649965-PCOC-318938, objeto de la presente Revisión Administrativa. Se hace formar parte integrante de este escrito copia de la referida Sentencia.

3.En virtud de la referida Sentencia, la celebración de la Vista Administrativa y la revisión del caso resultan académicas, toda vez que la División de Revisión Administrativa carece de jurisdicción para continuar con los procedimientos relacionados a un permiso que ha sido revocado mediante Sentencia final y firme.

POR TODO LO ANTES EXPUESTO, se solicita respetuosamente a esta Honorable División que, en atención a la Sentencia judicial emitida y a la ausencia de jurisdicción sobre la materia, disponga el archivo del presente caso por haberse tornado académico.

En desacuerdo, oportunamente el 7 de enero de 2026, el Municipio de San Juan presentó ante nos un recurso de revisión judicial. Mediante este, esbozó los siguientes señalamientos de error:

Erró el Juez Administrativo de la División de Revisiones Administrativas de la OGPe al desestimar por academicidad la Solicitud de Revisión Administrativa presentada por la OPMASJ. La Resolución Administrativa recurrida se emitió en violación al debido proceso de ley la OPMASJ, pues la Solicitud de Archivo de Revisión Administrativa presentada por el PA robles nunca le fue notificada a la OPMASJ.

Erró el Juez Administrativo de la División de Revisiones Administrativas de la OGPe al desestimar por academicidad la Solicitud de Revisión Administrativa presentada por la OPMASJ, ya que, independientemente de la Sentencia por transacción emitida por el TPI, las solicitudes de referidos hechas por la OPMASJ son controversias justiciables que debieron ser atendidas y adjudicadas.

El 14 de enero de 2026, advertimos a las partes recurridas que contaban con el término reglamentario de treinta (30) días para presentar su alegato en oposición al recurso de revisión judicial.

Tras una petición de prórroga de la OGPe, el 12 y 17 de febrero de 2026, la referida agencia administrativa y el ingeniero Robles Flores, presentaron sus respectivas oposiciones a la solicitud de revisión judicial.

Con el beneficio de la comparecencia de ambas partes, procedemos a esbozar el marco jurídico aplicable al caso ante nuestra consideración.

**II.**

**A.      Revisión Judicial de las Decisiones Administrativas**:

La revisión judicial de determinaciones administrativas está limitada por los parámetros establecidos en la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9671-977. De ordinario, esta tiene lugar luego de que se adjudican las controversias pendientes ante una agencia y concluyen todos los trámites administrativos. *Miranda Corrada v. DDEC et al.*, 211 DPR 738, 746 (2023).

Las determinaciones de las agencias administrativas son revisables ante el foro judicial para garantizar que estas actúan dentro de marco de las facultades que les fueron delegadas por ley. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 213 DPR 743, 753 (2024); *OEG v. Martínez Giraud*, 210 DPR 79, 88 (2022). De esta manera, los ciudadanos tienen un foro al cual recurrir para vindicar sus derechos y obtener un remedio en los casos en que las agencias actúen de forma arbitraria. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* supra, pág. 753. La revisión judicial de una decisión administrativa se circunscribe a examinar lo siguiente: 1) si el remedio concedido por la agencia fue el apropiado; 2) si las

determinaciones de hecho realizadas por la agencia estuvieron sustentadas por la prueba sustancial que surgió del expediente administrativo; y 3) si, mediante una revisión completa y absoluta, las conclusiones de derecho fueron correctas. *Otero Rivera v. USAA FED. SAVS. BANK,* 214 DPR 473, 484-485 (2024).

Para precisar la capacidad de intervención de un ente administrativo para distintos asuntos se hace necesario evaluar la ley orgánica que habilitó la agencia. *Pueblo v. Barahona Gaitán,* 201 DPR 567, 576 (2018). Una agencia administrativa no puede asumir jurisdicción sobre un asunto a menos que esté claramente facultado por ley. *Id.* **Cuando el organismo administrativo excede el marco de autoridad delegado por la Asamblea Legislativa actúa de manera ilegal o *ultra vires.*** (Énfasis suplido). *Perfect Cleaning v. Cardiovascular,* 162 DPR 745, 759 (2004). Con relación a la doctrina de ultra vires, el profesor Demetrio Fernández plantea en lo atinente lo siguiente:

> La doctrina básica del derecho administrativo es la de ultra vires. El estatuto orgánico de la agencia administrativa define y delimita su ámbito de acción y, por ende, su jurisdicción. Cualquier transgresión a lo pautado por la ley respecto a los linderos de acción constituye una acción ilícita. *Pueblo v. Barahona Gaitán,* supra, pág. 577.

**B.    Ley para la Reforma del Proceso de Permisos de Puerto Rico (Ley Núm. 161-2009):**

La Ley Núm. 161-2009 se creó, entre otras cosas, "a los fines de establecer el marco legal y administrativo que regirá la solicitud, evaluación, concesión y denegación de permisos por el Gobierno de Puerto Rico." Esta estableció la Oficina de Gerencia de Permisos y creó la figura del Profesional Autorizado. Surge de la Exposición de Motivos de la precitada legislación, que "a partir de la aprobación de esta Ley, la Oficina de Gerencia, a través de su Director Ejecutivo y los Profesionales Autorizados, según aplique, evaluarán, solicitudes de permisos y consultas de ubicación, y emitirán determinaciones finales, permisos, certificaciones para la prevención de incendios y de salud ambiental."

En lo aquí atinente, el Artículo 11.1 de la referida Ley establece la creación de la División de Revisiones Administrativas "como organismo

adscrito a la Oficina de Gerencia de Permisos la cual tendrá la función de revisar las actuaciones y determinaciones de la Junta Adjudicativa, la Oficina de Gerencia de Permisos, los Profesionales Autorizados y los Municipios Autónomos con Jerarquía de la I a la V." 23 LPRA sec. 9021m. Así pues, una parte adversamente afectada por una actuación o determinación final de un Profesional Autorizado podrá dentro del término jurisdiccional de veinte (20) días presentar una solicitud de revisión administrativa ante la aludida División. 23 LPRA sec. 9021r.

En los escenarios en que la controversia central tratase de una revocación de permisos, paralización de obras, usos no autorizados o demolición de obras, una parte podrá dilucidar su reclamación en el Tribunal de Primera Instancia mediante la presentación de un recurso extraordinario. Véase, *Díaz Vázquez et al. v. Colón Peña et al.*, 214 DPR 1135, 1144 (2024). Sobre el particular, el Artículo 14.1 de la Ley Núm. 161-2009, *supra,* lee en lo pertinente como sigue:

> La Junta de Planificación, un Municipio Autónomo con Jerarquía de la I a la III, una Entidad Gubernamental Concernida que haya determinado que sus leyes y reglamentos han sido violados, o cualquier persona privada, natural o jurídica, que tenga un interés propietario o personal que podría verse adversamente afectado, podrá presentar una acción de injunction, mandamus, sentencia declaratoria, o cualquier otra acción adecuada para solicitar: 1) la revocación de una determinación final otorgada, cuya solicitud se haya hecho utilizando información incorrecta o falsa; 2) la paralización de una obra iniciada sin contar con las autorizaciones y permisos correspondientes, o incumpliendo con las disposiciones y condiciones del permiso otorgado; 3) la paralización de un uso no autorizado O de una construcción autorizada mediante permiso, para la cual no se hayan realizado los pagos correspondientes a aranceles, pólizas, arbitrios y sellos; 4) la demolición de obras construidas, que al momento de la presentación del recurso y al momento de adjudicar el mismo no cuenten con permiso de construcción, ya sea porque nunca se obtuvo o porque el mismo ha sido revocado.
>
> En los casos en los que se solicite la revocación de una determinación final, será parte indispensable de en el pleito la entidad o profesional autorizado que haya emitido la determinación final y el dueño del proyecto. Además, en los casos en los que se solicite la revocación de un permiso otorgado por haberse utilizado información incorrecta o falsa y que dicho permiso se haya expedido bajo las disposiciones de la Ley Núm. 135 de 15 de junio de 1967, según enmendada, dicho ingeniero o arquitecto también será parte indispensable en el pleito.
>
> **Indistintamente de haberse presentado una querella administrativa ante la Junta de Planificación, Entidad Gubernamental Concernida, Municipio Autónomo con Jerarquía de la I a la V [sic] o cualquier otra dependencia o instrumentalidad del Gobierno de Puerto Rico, alegando los**

**mismos hechos, una parte adversamente afectada podrá presentar un recurso extraordinario en el Tribunal de Primera Instancia. Una vez habiéndose presentado el recurso extraordinario al amparo del presente Artículo, la agencia administrativa perderá jurisdicción automáticamente sobre la querella y cualquier actuación que llevare a cabo con respecto a la misma será considerada ultra vires.** (Énfasis suplido).
23 LPRA sec. 9024.

**III.**

El Municipio de San Juan recurre ante este Tribunal al amparo de dos (2) señalamientos de error. Mediante el primero, alega que se violentó su derecho a un debido proceso de ley, toda vez que no le fue notificada la *"Solicitud de Archivo de Revisión Administrativa,"* presentada por el ingeniero Robles Flores. Adujo, que esto tuvo como consecuencia que no pudiera exponer su posición con relación a la referida solicitud. De otra parte, argumenta que la OGPe declaró erróneamente que el caso se tornó académico. Entiende, que subsisten consecuencias colaterales – como lo sería la petición de revisión ética de las actuaciones del ingeniero Robles Flores - que impiden que el presente caso sea declarado académico.

Por su parte, el ingeniero Robles Flores sostiene, que contrario a lo aducido por el Municipio de San Juan, la aludida Solicitud de Archivo sí le fue notificada a dicho Municipio. Esto, dado que el caso de epígrafe fue radicado a través de la plataforma electrónica de la OGPe, la cual envía notificaciones simultáneas a todas las partes en el momento en que se presentan nuevos documentos. Por otro lado, arguye que cuando el Municipio de San Juan instó acción judicial al amparo del Artículo 14.1 de la Ley Núm. 161-2009, *supra*, desplazó el trámite administrativo incoado y la OGPe quedó privada de jurisdicción para examinar la solicitud de revisión administrativa.

De forma similar, la OGPe plantea que todas las partes fueron notificadas de la *"Solicitud de Archivo de Revisión Administrativa"* a través de los correos electrónicos provistos para ello. Además, esgrime que el Municipio de San Juan está impedido de relitigar los mismos asuntos que

ya fueron adjudicados mediante sentencia emitida por el foro judicial. Por lo cual, entiende que este caso se tornó académico.

La cuestión umbral de este caso versa sobre si procede la desestimación del recurso administrativo incoado o, por el contrario, si éste debió continuar su curso administrativo hasta la notificación de una resolución final en sus méritos. Para responder esta interrogante, es de vital importancia detallar el trámite procesal pertinente que tuvo este caso ante el foro administrativo y el foro judicial. Veamos.

Luego de que el ingeniero Robles Flores autorizara el permiso objeto de litigio, el 12 de septiembre de 2025, la Oficina de Permisos del Municipio de San Juan instó acción administrativa en contra de dicho Ingeniero mediante la presentación de una *"Solicitud de Revisión Administrativa y de Revocación de Permiso emitido por Profesional Autorizado."* A través de esta, peticionó la revocación del permiso de construcción emitido por el ingeniero Robles Flores; que se ordenara la demolición de lo construido sin el permiso correspondiente; que se refiriera al Proyectista y al referido Ingeniero a los organismos pertinentes de evaluación ética; y solicitó que se impusieran las multas y sanciones que en derecho procedan.

Aun activo el trámite administrativo incoado, el 3 de octubre de 2025, el Municipio de San Juan presentó ante el TPI un recurso extraordinario al amparo del Artículo 14.1 de la Ley 161-2009, *supra.* El Municipio de San Juan acumuló como una de las partes peticionadas al ingeniero Robles Flores. A su vez, de forma similar al trámite administrativo, solicitó la revocación del permiso de construcción; la demolición de la obra construida sin el permiso correspondiente; y que se refirieran al Ingeniero y al Proyectista a los organismos de evaluación ética que correspondan.

Surge de la *"Minuta"* notificada el 21 de octubre de 2025, por el TPI, que las partes llegaron a un acuerdo de transacción para el caso

judicial. Así pues, en la misma fecha, el TPI notificó una *"Sentencia"* por transacción en la que se recogieron los siguientes acuerdos:

1. El permiso, objeto del presente pleito queda revocado.

2. La parte demandada iniciará los trámites para legalizar las obras que existen en la propiedad ante el Municipio Autónomo de San Juan.

3. Queda paralizada, en este momento, cualquier construcción, así como el uso o posible uso de la propiedad como alquiler a corto plazo.

4. La parte peticionada se compromete a eliminar de la plataforma de Airbnb cualquier anuncio en el que se esté promoviendo el alquiler de la propiedad.

Posteriormente, el 3 de noviembre de 2025, el ingeniero Robles Flores presentó ante la OGPe la referida *"Solicitud de Archivo de Revisión Administrativa."*

Nótese, que en virtud de la Ley Núm. 161-2009, *supra*, la División de Revisiones de la OGPe tiene autoridad para evaluar las actuaciones y determinaciones de los Profesionales Autorizados, como el ingeniero Robles Flores. A su vez, el Artículo 14.1 de la misma legislación, autoriza al TPI a entender y resolver recursos extraordinarios sobre revocación de permisos, paralización y demolición de obras y usos no autorizados. Ello, indistintamente de haberse presentado una querella administrativa ante la entidad gubernamental que corresponda, al amparo de los mismos hechos.

En este caso, el Municipio de San Juan hizo uso del precitado Artículo, 14.1, *supra* e instó un recurso extraordinario ante el TPI. Al acontecer tal radicación judicial, es de aplicabilidad la siguiente disposición del referido Artículo: "Una vez habiéndose presentado el recurso extraordinario al amparo del presente Artículo [14.1], la agencia administrativa perderá jurisdicción automáticamente sobre la querella y cualquier actuación que llevare a cabo con respecto a la misma será considerada *ultra vires*."

De modo, que independientemente de que el tribunal de instancia resuelva o no en sus méritos el recurso extraordinario presentado ante sí, la agencia administrativa pierde autoridad adjudicativa inmediatamente

ocurra el acto de presentación del referido recurso extraordinario. El Artículo 14.1, *supra*, contempla que la perdida de jurisdicción de la agencia administrativa es automática a la presentación del caso judicial y recae sobre la querella administrativa sin distinción entre las causas de acción que esta pueda acumular.

Ante tal disposición estatutaria, la OGPe perdió jurisdicción sobre la Solicitud de Revisión presentada ante sí desde el 3 de octubre de 2025, fecha en que se radicó el recurso extraordinario ante el TPI. En consecuencia, la OGPe estaba impedida de atender en sus méritos la *"Solicitud de Revisión Administrativa y de Revocación de Permiso emitido por Profesional Autorizado."* Siendo así, es improcedente que la aludida agencia haya auscultado si el reclamo ante su consideracion es o no justiciable, dado que por disposición legal no debía examinar ningún asunto que no fuera el declarar su falta de autoridad para adjudicar el presente caso de conformidad a lo dispuesto en el Artículo 14.1, *supra*.

Al establecer que la OGPe perdió automáticamente la jurisdicción sobre el proceso administrativo incoado, se hace innecesario atender en sus méritos los errores señalados por el Municipio de San Juan, toda vez que la única decisión administrativa que procedía era que la OGPe notificara su falta de jurisdicción sobre la materia. El haber ejercido alguna otra actuación conlleva que el accionar administrativo sea *ultra vires*. Así pues, concluimos que en efecto procede la desestimación del presente caso administrativo, únicamente, que por el fundamento de falta de jurisdicción sobre la materia y no por el fundamento de academicidad adjudicado por la OGPe.

**IV.**

Por los razonamientos que anteceden, *confirmamos* la determinación recurrida al amparo de fundamentos distintos a los contenidos en la *"Resolución de Revisión Administrativa."* En consecuencia, queda inalterada la decisión de desestimación, emitida por la agencia administrativa, con la modificación de que el fundamento

jurídicamente procedente es la falta de jurisdicción sobre la materia de la OGPe para resolver en sus méritos la solicitud de revisión presentada ante sí.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones